**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 97-30710**
**Summary Calendar**

**JEFFERY E. RICHARDSON,**

**Plaintiff-Appellee,**

**VERSUS**

**DEPARTMENT OF AGRICULTURE, Dan Glickman, Secretary,**

**Defendant-Appellee,**

**DONALD LEWIS,**

**Movant-Appellant.**

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-1954-N)

April 27, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In June 1995, Jeffery E. Richardson ("plaintiff") filed suit

in the United States District Court for the Eastern District of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana against Dan Glickman, Secretary, United States Department of Agriculture ("defendant"), seeking damages for discrimination in employment and reprisal for engaging in protected activities pursuant to Title VII of the Civil Rights Act of 1964. During the course of discovery in this proceeding, plaintiff subpoenaed Donald Lewis, who was an employee of the Department of Agriculture to appear for a deposition and to bring with him copies of "[a]ny and all documents, records, calendars, diaries, correspondence and memoranda pertaining or in anywise relating to any charge of discrimination filed by [Lewis] or on [Lewis'] behalf against the Department of Agriculture, or any of its employees." Lewis had, in fact, himself filed suit in another division of the Eastern District of Louisiana against the Department of Agriculture. Lewis failed and refused to produce the requested documentation and plaintiff cited him for contempt. The magistrate judge ordered Lewis to comply with the subpoena and upon his failure accessed attorney's fees and costs against him. Lewis filed a motion with the district judge to reconsider the magistrate judge's ruling, but the district judge declined and affirmed the magistrate judge's rulings. Lewis filed a document labeled as a notice of appeal in which he stated that "Lewis seeks a writ of mandamus/supervisory writ compelling the United States District Court for the Eastern District of Louisiana to vacate the order of the Magistrate dated May 22, 1997 which said order was affirmed by the District Court Judge on June 27, 1997.... Alternative, Donald Lewis appeals said

2

order."  At the time of filing of this "notice of appeal" Lewis was not a party to the proceeding between plaintiff and defendant.  On October 3, 1997, the district court entered a final judgment dismissing plaintiff's suit against defendant pursuant to a settlement agreement between them.

We have carefully reviewed the briefs and the record excerpts and relevant portions of the record itself.  For the reasons stated by (1) the magistrate judge's order filed under date of May 21, 1997 and (2) the district judge in her order filed under date of June 27, 1997 which affirmed the magistrate judge's order, we are satisfied that there is no reversible error in the disposition of Lewis' claims and those orders are hereby AFFIRMED.

In view of the language used by Lewis in his "notice of appeal" regarding a "writ of mandamus/supervisory writ," we also treat this document as a petition for writ of mandamus from this Court to the district court seeking the relief requested therein.  We have carefully reviewed the briefs, the record excerpts and relevant portions of the record itself.  We can find no basis either in law or in fact to conclude that either (i) the order entered by the magistrate judge dated May 22, 1997, or (ii) the order entered by the district judge on June 27, 1997 affirming the magistrate judge's order, were clearly erroneous or outside of the judicial discretion vested in those officers.  Accordingly, we DENY Lewis' petition for a writ of mandamus/supervisory writ.

3